Yes, Your Honor, thank you. May it please the Court, Chris Vaughn for Appellant, Sola Real Estate Fund I, LLC. This is an appeal from a grant of summary judgment to the plaintiff, and the position of the defendant is that there is a genuine dispute of material fact on the question of the barrier and whether an injunction can issue. There were two motions before the Court. The Court granted defendant's motion on two physical barriers and denied the defendant's motion on the issue of the width of access aisles in a small neighborhood market. Basically, finding two things, the change in policy by the landlord, which was the only defendant sued here. The store itself was not sued, so the landlord was the only one sued, and the policy adopted by the landlord of twice-weekly physical inspections of the property to assure compliance was reviewed by the Court, and as indicated, the Court said that policy alone would not render it moot, but then went on to find that there apparently was no material dispute of fact with regard to an injunction. The interesting part from the standpoint of the Court was the Court did not, and specifically found it, did not doubt the sincerity or the earnestness of Sola's effort to remedy by continuous inspection. It also indicated specifically Pardon me, Counsel. You said continuous inspection. I read the record as saying you had twice-weekly inspection. Yes, Your Honor. That continues in your mind? Yes, sir, when it's throughout the term of the lease. When it's what? When it's for the entire period of the lease the landlord has with the tenant, twice-weekly inspections. So the lease provides for twice-weekly inspection? The lease does not provide for twice-weekly inspections. I'm having difficulty understanding your concept that if you inspect something twice-weekly, it is inspected continuously. The two words don't seem to jive in my mind. The term continuously, as I was using it, Your Honor, was that it's done every week. Yes, once a week. And between that time it's not inspected. There's nobody there to make sure that the boxes aren't jutting out into the aisle. True? That's true. Thank you. Part of the issue here is that for whatever reason plaintiff only chose to sue the landlord. So unless the landlord wants to have a person there permanently to see the aisles continuously anytime the doors are open, that the... Or the landlord could install such levels of merchandise that don't permit jutting out into the aisle. True? Well, the landlord could not because the tenant could simply change it. And so the landlord here is faced with... That's up to the landlord and the tenant to negotiate the lease, right? Yes, Your Honor. But the question before the district court and let us appeal is, is there a tribal issue? Whether that policy is sufficient to render that mood and to also create a situation where the barrier is not likely to recur. Because it's either deterrence or likelihood of the barrier to recur that is the basis for the courts finding that an injunction was required to issue. Counsel, does the likelihood of the barrier to recur or not have anything to do with standing? It does. Why don't you explain that to me? Well, to the extent that it is... The standard is that if there is... If the plaintiff is deterred from returning or there is a likelihood of future harm, those are the requirements that are necessary to have standing to support an injunction. But don't we, for standing, don't we only look at the facts as they were at the time the complaint was filed? We look at it for that time, but in terms of determining whether an injunction is necessary to go forward, it's the facts at the time. And that issue is actually before the court for ruling, in this case on a semi-judge motion. And that's the change that the landlord made was directed to the fact that it was not likely for... There's no likelihood of future injury because of the changes the landlord made, and it's a tribal issue which... I don't see that as an issue of standing. I see that as a question of whether the case is moot, but I thought, as Judge Bennett just asked, that we only look at the facts at the time that the complaint was filed to determine whether there's standing. Well, there is, but the issue of whether or not there is a basis for issuing an injunction, which is the order that the court issued here in granting plaintiff's motion for summary judgment, would require either a determination at that time of a deterrence from returning or a likelihood of future injury. So, counsel, do you believe that there was a tribal issue of fact, taking the facts as of the time of the complaint, whether the plaintiff would be deterred from returning? Do you believe there was a tribal issue of fact as to that? Yes. At the time that the complaint was filed? At the time the complaint was filed, correct. So I thought, I'm looking at the defendant's statement of genuine disputes, and it says that it's undisputed at the time of filing the complaint that Mr. Hubbard is and has been deterred from returning to the store. I'm looking at its district court docket number 42-1, paragraph 11, so I guess I don't understand your answer. Yeah, I think that let me restate it. At the time of the complaint, he could allege deterrence, all right? At the time of the ruling on the motion for summary judgment, there was not that deterrence nor a likelihood of a barrier returning, which those facts then did not support at the time of that ruling, a finding of the existence of the barrier or the likelihood of future injury to support an injunction. Well, is that because of facts that arose after the time that the complaint was filed? Is that what you're saying? It is, and that's the basis for the motion, the defendant's motion to be moved, were the changes that were made. Yes, Your Honor. Okay, thank you. I'd like to reserve, if there's no other questions, the remainder of the time. Okay. Thank you. Good morning, Your Honor. Russell Hanning representing the appellee, the plaintiff in this case, Terry Hubbard. I'd like to ask the court to affirm the district court's opinion. I think it was well within its reasonable scope and its judgment. I don't think there's been abuse of discretion here. I don't think there's any clearly erroneous interpretation of law. It's a real simple case at its heart, right? I mean, all the issues were resolved except for one, and that was whether or not the policies that were implemented by the defendant were sufficient to demonstrate mootness. And the district court properly identified the fact that voluntary cessation of an illegal practice, in order to demonstrate that to the court, it's an exceedingly high threshold. There was very difficult to do, and there's no other way to put it, but the showing by the defendant was anemic. It just had basically one line. Counsel, I'm looking at the district court's order here, the civil minute order. I think it's page 8. And the district court said, Accordingly, SOLA has not met the formidable burden of demonstrating that it is absolutely clear that the alleged wrongful behavior could not be expected to recur. And then the district court said, and so plaintiff has standing. Is the district court's statement there about, Accordingly, SOLA has not met the formidable burden of demonstrating that it's absolutely clear the wrongful behavior could not be expected to occur, does that have anything to do with standing at all? I don't think so, Your Honor. But the district court was wrong in making that statement as to standing. I believe so. So if the district court was wrong, that is an error of law that the district court made, right? As to that issue, whether or not it related to standing, it would be an error. I believe it's an error. But, of course, we know that under the standard review, the reviewing court can – was the doctrine called right for any reason? So we didn't take a cross appeal. So we can urge affirmation on the judgment for any matter appearing in the record, even if that involves an attack on the reasoning of the lower court. And that's as recently as Lopez v. Garland. That started in the 20s, and it's been in consistent jurisprudence in the Ninth Circuit and in United States jurisprudence as well. So although I think that the court misstated by saying that there was standing because we weren't at a standing issue, I believe that clearly there's grounds to affirm the decision here. So, counsel, you cited, for example, you gave a supplemental authority, Judge Gould's opinion in Langer, right? Correct. And in Langer, there was a trial on the factual standing issue of taking the facts as stated in the well-pleaded complaint as to whether or not the plaintiff there was deterred from returning, right? That's correct. So there was multiple issues on trial. But that was one of the issues, right? That the court raised, yes. And there was a trial on the fact question of whether at the time of the filing, plaintiff was deterred, right? That is correct. So why wouldn't that be a factual issue for trial here, whether based on the facts in the complaint? I mean, the plaintiff can aver, but averring doesn't establish it as a matter of fact. It establishes it as a basis for going forward. But you can have trial on standing issues, as was in Langer. Why shouldn't there have been a trial here on the factual issue of whether plaintiff, in fact, was deterred or had the intent to return? I think there's two reasons. First, it wasn't raised. It was, as Judge Thomas noted, this was not an issue before the court. It was everyone had agreed to it. That was never raised as an issue. It wasn't framed before the court. In fact, there was basically a stipulation saying that it was undisputed. So we were beyond that point. Second, the actual decision in Langer v. Kaiser was to criticize and overturn the court for trying to apply this standing decision at the end of the case. It's a threshold inquiry. You have these things that come up. The court decided sua sponte to raise standing about whether even the case should move forward. Well, that's not the way I read the opinion, counsel. I read the opinion as saying the district court abused its discretion in finding the particular plaintiff there not credible for things that aren't relevant to credibility, like the plaintiff was a serial filer. I didn't read the court as saying you can't determine whether the plaintiff is credible as to whether they have an intent to return. No, but what the Ninth Circuit did do in Langer v. Kaiser is it took the initial threshold questions of standing, which is supposed to be very deferential to a plaintiff, especially in a civil rights case, and they're turning it into like these evidentiary hearings and they're trying to keep people out of court. And I think that the question of this court kind of tends to look at that where none of the parties and the district court did not raise this as an issue, and this court is saying maybe we should go back to the very beginning and have a trial over standing when there were sufficient facts that were alleged and there was no issue raised in the court and the court found that they had no concerns over. So if plaintiff had said, so what you're saying is if defendant had said here, and I think they claim they did, but if defendant had said here that no, the plaintiff has averred that, and that means we don't win on summary judgment, but a simple averment, I intend to return, we want a trial on that because we think that they can't establish that as a fact. Would that get them a trial? Or in your view, as the plaintiff averring, I will return, that that's enough for that to establish that as a fact? No, I think what it does is it's probative when he makes a declaration that he's going to return. He's made his allegation and he's carried his part of it. During discovery, the defense has an opportunity to explore that. How often are you in the geographical location? Why would you want to go back? These are things that they can demonstrate to show that there's a triable issue of fact that could preclude summary judgment and go to trial. But if they don't do that at all, and the plaintiff's claim remains untested or, I should say, unchallenged, then yes, that's the whole point of deciding that through the sifting mechanism of a motion for summary judgment, what is at issue, what has been put at issue. They can't just say, in fact, I think there's plenty of jurisprudence on it when it comes to summary judgment, that a defendant can't just say, yeah, we disagree. There has to be some evidence, something probative that would suggest we think you're actually wrong on this, that your factual statement is incorrect or fraudulent, and here's some of our evidence. They didn't raise the issue. They didn't make the argument. They didn't even put any discovery out there that would tend to counter the plaintiff's statement that he's deterred. And that's why it was never an issue in the case. I mean, they should at least identify it as an issue, do some discovery on it, something. And that's usually where it goes on these things when we have a court say there's a tribal issue, they've raised this issue, they have some probative evidence that you're never going to return. And I've seen all these – we've litigated these cases where there's tremendous evidence, where they look at the person's history and the court's identified those factors when standing on the basis of deterrence is challenged. And none of that exists in this case, and so I'd urge the court not to create that out of whole cloth, basically, and have this go all the way back on this very simple case to retry an issue that wasn't raised, wasn't identified by the defendant, and the court didn't find an issue. But continuing on, the other reason why I think the court should – the decision should be affirmed is that the court essentially found that the policies instituted by the defendant were insufficient to demonstrate mootness. And we spent a good majority of our answering brief on that topic, pointing out that it was just one line where they said, I'm going to send an employee over there to check on it twice a week. No follow-up, nothing – they didn't gather a statement from their tenant that said, oh, yeah, we're going to stay on top of this. There's no policy before this court or before the district court that actually would have made a change. The only policy was just one of going and doing a reconnaissance and seeing what was going on there. That's it, and that is insufficient. It doesn't mean – I mean, it's insufficient under any standard, even if we didn't have this very high standard of voluntary cessation after being dragged into court for lawbreaking. And so I think that this is – it seems to be a very clear-cut case of the district court getting it right. And I think everything else I've said in my briefs, if the court has other questions, I'm happy to conclude my arguments. All right. Thank you, Counsel. Thank you. Counsel, you have some time for rebuttal. Yes, very briefly, Your Honor. This is not an abuse of discretion standard. This is a de novo review in whether or not there's a tribal issue, and we simply submit that as our papers indicate and as the court basically said, it cannot be – at ER-12, it cannot be said definitively that SOLAS policy of ensuring compliance will inevitably fail to prevent the barrier from occurring, given its proffered intent to maintain the policy. The court going on to cite the formidable burden standard, that is the trial standard, but it's not a summary judgment standard. That's tribal issues standard for summary judgment, and the court simply applied the wrong standard in ruling on plaintiff's motion when it said the defendant hasn't met its formidable burden. That's not the standard of summary judgment. This is a tribal issue, and there clearly was a tribal issue here. And that's all I have, Your Honor. Thank you. Submitted. All right. Thank you. We thank Counsel for their arguments, and the case just argued will be submitted.
judges: BEA, BENNETT, THOMAS